# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                          Case No.: 2:97-CR-101(5)
**v.**                                 **JUDGE SMITH**

**JOSE A. LORA,**

    **Defendant.**

## OPINION AND ORDER

        This matter is before the Court on Defendant Jose A. Lora's pro se Motion for Reconsideration of his Sentence under § 3661 (Doc. 369). The Government has responded and this matter is now ripe for review. For the reasons that follow, Defendant's Motion is **DENIED**.

        On May 29, 1998, Defendant Lora was found guilty of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §846 (Count 1); two counts of use of a telephone to facilitate the commission of the conspiracy, in violation of 21 U.S.C. §843(b) (Counts 95 and 105); and one count of possession with intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. §2 (Count 110). On October 29, 1998, Defendant Lora was sentenced to 288 months in prison, five years of supervised release, and $400 in special assessments.

        Defendant filed this Motion on September 13, 2011, seeking a reduction in his sentence. He argues that he should not have received 2 points for a leadership role. Defendant asserts that

it was not proven at trial that he served a leadership role in the conspiracy.

The Government argues that the Defendant procedurally defaulted on the claims raised in this Motion because he failed to raise them on his direct appea. Defendant filed his notice of appeal on November 2, 1998, and he raised two issues: the validity of consent to search his residence; and the admissibility of co-conspirator statements. Defendants arguments that he should not have received a leadership role and that his sentence should be reduced should have been raised on direct appeal.

When a petitioner has had an opportunity to raise a claim on direct appeal, he or she must show why he or she failed to raise the claim earlier, as well as that the alleged error caused "actual prejudice." *United States v. Frady*, 456 U.S. 152, 168 (1982). A defaulted claim cannot be heard on collateral review unless the applicant shows cause for each failure to raise the claim and "actual prejudice" resulting from the error he alleges. *Frady*, 456 U.S. at 170. This standard generally requires that the petitioner show not only that "some factor external to the defense" impeded his efforts to raise the issue as required by each relevant procedural rule, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the error alleges "worked to his actual and substantial advantage." *Frady*, 456 U.S. at 170.

Here, Defendant Lora had not made any claim that he was precluded from raising these new arguments on direct appeal, nor had he alleged that he was precluded by "some factor external to the defense." *Thompson*, 501 U.S. at 753. Accordingly, Defendant Lora has procedurally defaulted on the claims he is now asserting.

Even if the Court were to consider the merits of Defendant Lora's Motion, it does not provide any basis for the relief he requests. Defendant moves under 18 U.S.C. § 3661 which

provides that there is no limitation on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. However, §3661 does not provide any mechanism for the Court to reconsider or revisit a sentence that it has already imposed. *See United States v. Gomez-Padilla*, 972 F.2d 284, 292 (9th Cir. 1992) (explaining that §3661 cannot be construed to extend to consideration of post-sentencing conduct at re-sentencing, without circumventing the express limitations of Rule 35 of the Federal Rules of Criminal Procedure).

Therefore, Defendant's Motion for Reconsideration of Sentence is **DENIED.**

The Clerk of this Court shall remove Document 370 from the Court's pending motions list and remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**